## Commonwealth v. Rennekamp

*Kenneth E. Rennekamp*, for appellant.

*C. Dick Cable*, for Commonwealth.

WOLFE, P. J., October 1, 1970.—Before the court is appeal of Barbara Jean Rennekamp from conviction of violation of The Vehicle Code of April 29, 1959, P. L. 58, sec. 601(b), 75 PS §601(b), and as amended in that defendant operated a motor vehicle without wearing corrective lens as required and stamped upon her driver's license.

Defendant admits that she was, in fact, operating a

motor vehicle on U. S. Route 62 in Tionesta, Forest County, Pa., on February 16, 1970, without wearing corrective lens.

Defendant was found guilty by the justice of the peace who imposed a fine of $10, together with costs of $10. This appeal was perfected to the court and was allowed.

The evidence is uncontradicted that appellant does not have the required vision in her left eye in order to operate a motor vehicle without corrective lens, and this was established shortly after appellant took her driver's license examination more than 10 years ago and the notation was stamped upon her operator's license at that time. Subsequently, appellant sought medical advice concerning her eye and eyesight, and the evidence established that there is no permanent damage to appellant's left eye and that corrective lens would serve no useful purpose and would not be beneficial to her driving ability.

Subsequent to her arrest, appellant's restriction to operate was removed by the Secretary of Revenue and at the time of this appeal the restriction does not appear upon her operating license.

Obviously, the secretary agreed that the original license issued was improperly limited and thereupon removed it.

It is this court's opinion that such removal should be considered nunc pro tunc and relate back to the date of the original issuance and, therefore, at the time of arrest appellant was, in fact, under no restriction. The law does not require the impossible or the ridiculous. Therefore, the court makes the following order:

## ORDER

And now, October 1, 1970, the conviction of Barbara Jean Rennekamp is reversed, the bail furnished under the appeal is discharged and costs are placed upon the county.